ORIGINAL

diamantinoconceiacople

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
SEP - 4 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00068 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| DIAMANTINO CONCEIACO JR., ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DIAMANTINO CONCEIACO JR., enter into the following plea agreement:

1. The defendant, DIAMANTINO CONCEIACO JR., agrees to enter a guilty plea to an Indictment charging him with Reception of Stolen Government Property, in violation of Title 18, United States Code, Section 641.

2. The defendant understands that the <u>maximum</u> sentence for Reception of Stolen Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the

Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3). The total $100 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Reception of Stolen Government Property, in violation of Title18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly received money;

Second, the money belonged to the United States; and

Third, the defendant knew that the money had been stolen from the United States;

Fourth, the defendant intended to possess the money for his own use or gain; and

Fifth, the value of the money was more than $1000.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1984 and is a citizen of the United States.

b. The beginning in February 2007 and continuing up to March 8, 2007, in the District of Guam, the defendant, DIAMANTINO CONCEIACO JR., knowingly, did receive, conceal and retain stolen property of the United States, that is, United States currency from the Navy Exchange, Guam, of a value of $2,331.00, with intent to possess and convert said property to his own use and gain, the defendant, DIAMANTINO CONCEIACO JR., then knowing said property

Case 1:07-cr-00068    Document 11    Filed 09/04/2007    Page 2 of 4

to have been stolen from the United States. The defendant, DIAMANTINO CONCEIACO JR., received the stolen United States currency from Joey Jay Tedpahogo by buying an item of low value and receiving in change from Joey Jay Tedpahogo a wad of bills which exceeded the exact money of change the defendant was entitled to receive. The defendant, DIAMANTINO CONCEIACO JR., used the stolen United States currency to purchase tools, some of which have been seized by the United States Government.

6. The defendant agrees to be joint and severally liable for restitution in the amount of $2,331.00 to the Navy Exchange in Guam. The dollar amount of restitution the defendant is required to pay may be decreased by the value of the items recovered by the United States Government only if the items are determined to be marketable by the Guam Navy Exchange.

7. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

8. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

9. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into the plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

Case 1:07-cr-00068 Document 11 Filed 09/04/2007 Page 3 of 4

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 08/30/07

DIAMANTINO CONCEIACO JR.
Defendant

DATED: 08/30/07

JOAQUIN C. ARRIOLA JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8/31/07      By: RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 9/4/07

JEFFREY J. STRAND
First Assistant U.S. Attorney